## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| In Re: ) | Case No. 21-00571-11 |
| ) | |
| **CYCLE FORCE GROUP, LLC** ) | Chapter 11 |
| ) | |
| Debtor and Debtor in Possession. ) | Hon. |
| ) | |
| 2105 SE 5th St. ) | **DISCLOSURE OF COMPENSATION** |
| Ames, IA  50010 ) | |
| ) | [Bankruptcy Code Section 329(a) and |
| EIN:  26-2671865 ) | Bankruptcy Rules 2014(a) and 2016(b)] |
| ) | |
| _____ ) | No Hearing Set. |

Pursuant to Bankruptcy Code section 329(a) and Bankruptcy Rules 2014(a) and 2016(b), I, Jeffrey D. Goetz, Esq., and Bradshaw, Fowler, Proctor & Fairgrave, P.C., proposed General Reorganization Counsel, and an attorney and shareholder in the law firm of Bradshaw, Fowler, Proctor & Fairgrave, P.C. (the "Firm"), file this instant Disclosure of Compensation, and certify the following:

1. Cycle Force Group, the Debtor and Debtor in Possession herein ("Debtor"), filed its Voluntary Petition under Chapter 11 of the Bankruptcy Code (Docket Item 1) on April 22, 2021.

2. The Debtor and the Firm entered into a Legal Services Agreement dated January 19, 2021 (the "Legal Services Agreement") that provides for the Debtor to pay a $100,000.00 retainer as a guaranty for payment of services in connection with representing the Debtor in contemplation of and/or in connection with a Chapter 11 reorganization case.  Within the last year, the Firm has received payments for pre-petition services in the amount $203,900.71.  The Firm earned and was paid $176,627.99 for pre-petition services and costs, leaving $27,272.72 in the Firm's client trust account.

Case 21-00571-als11    Doc 3    Filed 04/22/21    Entered 04/22/21 16:39:03    Desc Main
                        Document           Page 2 of 8

3.	I am informed and believe and thereupon allege that the source of all money received for pre-petition services and post-petition retainer was from the Debtor.

4.	The Firm has not agreed to share the above-disclosed compensation with any person or persons who are not members or associates of the Firm.

5.	The Debtor's agreement to pay the Firm, subject to approval of the Debtor's Application to Employ General Reorganization Counsel, is proposed to be pursuant to the terms and conditions of the Debtor's Legal Services Agreement, a true and exact copy of which is attached as Exhibit "A" to the Motion and is incorporated by reference herein.

I declare and certify under penalty of perjury under the laws of the State of Iowa and the laws of the United States that the foregoing is true and correct and is executed this 22nd day of April, 2021, at Des Moines, Iowa.

DATED:  April 22, 2021

/s/     *Jeffrey D. Goetz, Esq.*
Jeffrey D. Goetz, Esq., AT0002832
Krystal R. Mikkilineni, Esq., AT0011814
Bradshaw, Fowler, Proctor & Fairgrave, P.C.
801 Grand Avenue, Suite 3700
Des Moines, IA  50309-8004
515/246-5817
515/246-5808 FAX
goetz.jeffrey@bradshawlaw.com
mikkilineni.krystal@bradshawlaw.com

Proposed General Reorganization Counsel for Cycle Force Group, LLC, Debtor and Debtor In Possession

CERTIFICATE OF SERVICE

This document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing.          */s/     Barbara Warner*

## BradshawFowler Proctor & Fairgrave
### A PROFESSIONAL CORPORATION
### ATTORNEYS AT LAW

**WRITER'S INFORMATION**
**JEFFREY D. GOETZ**
ATTORNEY AT LAW

DIRECT (515) 246-5817
goetz.jeffrey@bradshawlaw.com
PLEASE REPLY TO DES MOINES OFFICE

**DES MOINES**
David J. W. Proctor
Steven M. Augspurger
D. Brian Scieszinski
Gregory L. Kenyon
Jeffrey D. Goetz
Ann C. Spellman
Sean M. O'Brien
Jason T. Madden
Lori A. Brandau
Matthew J. Haindfield
Jason C. Palmer
Scott Wormsley
Janice M. Thomas
Andrew C. Johnson
Christine B. Long
Timothy N. Lillwitz
Bradley M. Beaman
Antonio Colacino
Mark C. Feldmann
Doyle D. Sanders
Justin E. LaVan
Seth R. Delutri
Matthew R. Phillips
Krystal R. Mikkilineni
Abigail M. Hillers
Blake R. Hanson
Benjamin R. Erickson
Brandon M. Hanson
Brittany A. Sievers
**MARSHALLTOWN**
Joel T. S. Greer
Nicci M. Ledbetter

Charles S. Bradshaw
1871-1953
Rex H. Fowler
1893-1972
W. Z. Proctor
1902-1995
D. J. Fairgrave
1906-1990

**OF COUNSEL**
Smith & Kramer, P.C.
William S. Smith
Jan Mohrfeld Kramer

Kent M. Forney
Michael H. Figenshaw
John C. Cortesio, Jr.
Edward E. Johnson
Denny M. Dennis
Mark L. Tripp
David L. Jenkins
Donald F. Neiman
Kelly L. McCarty
Christine F. Halbrook
Stephanie G. Sarcone

January 19, 2021

Mr. Nyle Nims
Cycle Force Group, LLC
2105 SE 5th St.
Ames, IA 50010

Re: Legal Services Agreement – Chapter 11

Dear Mr. Nims:

We are pleased to confirm our availability to provide legal representation to Cycle Force Group, LLC ("CFG") under Chapter 11 in the U.S. Bankruptcy Court for the Southern District of Iowa. I will serve as your primary contact with our firm, although I may obtain the assistance of other attorneys and paralegals in our firm in connection with this representation.

The purpose of this letter is to establish our agreement with regard to the nature and scope of our retention and to provide you with a summary of the obligations in connection with our retention. Accordingly, we submit for your approval the following provisions governing our engagement. If you agree with this legal services agreement, please sign the enclosed copy of this letter in the space provided below. If you have any questions about these provisions, or if you would like to discuss possible modifications, do not hesitate to call. Again, we are pleased to have the opportunity to serve CFG.

## SCOPE OF REPRESENTATION

With your assistance, we shall prepare and file with the bankruptcy court all necessary and appropriate documents required by applicable law in connection with the initiation and operation of a Chapter 11 bankruptcy reorganization case for a business reorganization. Our retention includes representation of CFG's interests as required under applicable bankruptcy law and rules. We will appear at all hearings where the attorney for the debtor is required to appear, and we will keep you advised as to all events that take place, or that we anticipate taking place in the bankruptcy court with regard to the pendency of the Chapter 11 case.

BRADSHAW FOWLER PROCTOR & FAIRGRAVE, P.C.

January 19, 2021
Page 2

### Identification of Client

For all purposes of this bankruptcy case, and otherwise, Cycle Force Group, LLC shall be the client. All duties and responsibilities created and imposed by this agreement shall be owed to CFG and not to any officer, agent, partnership, other corporation, trustee, employee or third party as individuals, unless expressly otherwise agreed, and then only after full and accurate disclosure to the court and other necessary parties. The parties to this agreement will immediately disclose any contemplated relationship to the United States Bankruptcy Court, the United States Trustee, all parties in interest, and all other parties entitled to receive notice.

You have authorized and empowered Jeffrey D. Goetz, Esq., Krystal R. Mikkilineni, Esq., Mark C. Feldmann and the law firm of Bradshaw, Fowler, Proctor & Fairgrave, P.C. (the "Firm") to handle CFG's Chapter 11 bankruptcy case in the United States Bankruptcy Court, using such legal means as are available under the Bankruptcy Rules and the United States Bankruptcy Code, and other applicable statutes and case authorities.

The parties agree that this agreement does not contemplate extraordinary legal services outside the ordinary course of a Chapter 11 bankruptcy case and that such matters are subject to the provisions of a separate fee agreement.

### Uncertain Outcome

We have discussed with you various legal and factual considerations involved in our representing CFG in this Chapter 11 case. It is our goal to assist you with reorganizing the financial affairs of CFG and to file and have approved a disclosure statement in connection with an operating plan of reorganization. It is our further goal that such plan of reorganization be approved by the requisite number of creditors and by the bankruptcy court, and that the plan of reorganization, so approved, be fully consummated. However, we cannot provide any guaranty of the results that may eventually occur. Furthermore, because of the various uncertainties involved in Chapter 11 proceedings, we cannot guarantee any maximum fee that may be incurred by our firm as a result of our representation of CFG in the Chapter 11 case. We have discussed with you the various uncertainties related to Chapter 11 proceedings and you have acknowledged your undertaking of the existence of those uncertainties.

### FEES AND EXPENSES

### General

As we have also discussed, the Bankruptcy Code allows the attorney for the debtor to take a retainer prior to the filing of the case but does not allow the debtor's attorney to be paid again until the expiration of the initial either 60 or 120-day period after the case is filed. Accordingly, it is necessary for us to obtain a $100,000 retainer that we believe is appropriate under the circumstances.

January 19, 2021
Page 3

The retainer will be held in trust by the Firm and is billed against during the course of the case. Billings are made on a monthly basis based upon our regular hourly rates for attorneys performing the services. Jeffrey D. Goetz's current hourly rate is $385, Mark C. Feldmann's hourly rate is $350, and Krystal R. Mikkilineni's hourly rate is $300. Although I will be the partner in charge of the case, we will delegate those matters which can be properly handled by associates and paralegals. We make decisions about delegation based upon the level of skill required for the task and in order to ensure the most efficient and cost-effective representation of CFG's interests. Paralegals' rates are generally from $90 to $125 per hour and associates' rates are generally from $125 to $300 per hour. All expenses which we incur in the representation CFG's interests in the Chapter 11 will be charged against the retainer as well. These would include, but would not be limited to, any postage or copying charges for any large or out-of-the-ordinary mailings, delivery charges when hand deliveries are necessary, and/or Federal Express charges when overnight delivery is necessary in order to expedite the handling of the case, long-distance telephone charges, mileage for any out-of-town travel, and any and all necessary and related expenses.

All attorneys' fees and expenses must be approved by the bankruptcy court based upon fee applications which we will file periodically. Those applications contain a complete description of all the services performed and the time spent performing the same. All items are itemized in the fee application. Once the retainer has been used, we would seek authority under the Bankruptcy Code for payment of additional retainers and/or fees as are necessary to fully compensate our firm for its services in the Chapter 11 case.

The parties agree that the Firm may, in its discretion, increase the scheduled hourly rates and costs of reimbursable expenses as necessary during the course of the engagement, subject to bankruptcy approval. Additionally, in the event that the Firm increases its rates or the costs of its reimbursable expenses to its other commercial clients, the higher rates shall be deemed substituted for the initial rates described in this agreement, subject to bankruptcy court approval.

The parties agree that the retainer/case advance is deemed a trust fund, to be deposited in our unsegregated trust account, and you will not receive the benefit of interest earned in that account. Any interest earned on deposits in this unsegregated account will be paid, as required by law, to the State Bar of Iowa to fund legal services for indigent persons. If either you or the Firm notifies the other in writing of its decision to terminate this representation, the balance of the retainer/case advance may be applied to all accrued but unpaid fees and expenses for the period before the effective date of termination, with the same type of accounting to the client and judicial review as provided for herein. The balance of the retainer/case advance, if any, will be promptly returned to you, the debtors-in-possession, or the trustee, as appropriate.

January 19, 2021
Page 4

### Arbitration

If you disagree with the amount of our fee, please take up the question with us as soon as possible. Typically, such disagreements are resolved to the satisfaction of both sides with little inconvenience or formality. In the event of a fee dispute which is not readily resolved, you have the right to request arbitration under supervision of the state or district bar associations for the jurisdictions in which we practice, and we agree to participate fully in that process.

While we hope that it will never become necessary, in the event of litigation before any court or tribunal concerning the amount of attorneys' fees and/or costs billed or the terms of this agreement, the prevailing party shall be entitled to reasonable costs and attorneys' fees incurred in such litigation. Should the Firm represent itself in such litigation, the Firm shall be entitled to recover reasonable fees for the time spent on the litigation based on the standard hourly billing rate(s) of the attorneys involved. The Firm will be considered the prevailing party if it recovers any amount, by judgment, arbitration, stipulation or otherwise, in excess of your last written offer of settlement.

### DISCLOSURE OF CONFLICTS

Iowa and Bankruptcy law require us to disclose any potential conflicts of interest that may arise as a result of the proposed representation, and to seek a written waiver of such conflicts, as appropriate. You have asked that the firm undertake representation of CFG. To the best of our knowledge, we do not represent any of its creditors. We do have relationships with parties who also have relationships with parties who may have relationships with CFG. We do not believe these relationships present any conflict which needs to be waived.

### DUTIES OF CLIENT

You have agreed to cooperate fully in providing all documentation and information which we may request in the course of our representation of CFG's interests in the Chapter 11 case. You agree to timely execute all necessary and appropriate documentation that may be required in the course of our representation and to meet with us upon our reasonable request. You are expected to be available to appear, in person, at all required depositions, examinations, conferences, hearings and meetings. Shortly after the case is filed, there will be an organizational meeting with a representative of the United States Trustee, and soon after that there will be a first meeting of creditors pursuant to Section 341(a) of the Bankruptcy Code. As President of CFG, you will be required to attend both of these meetings with us. Attached to this Agreement, for your reference and review, is a detailed explanation of most but not all of the duties of a debtor in possession in a Chapter 11 case.

BRADSHAWFOWLERPROCTOR & FAIRGRAVE, P.C.

January 19, 2021
Page 5

**DOCUMENT RETENTION**

During the course of our relationship, we will accumulate materials related to our representation of CFG's interests (e.g. notes, research materials, and materials we have received from you, sent to you or received from third parties.) Some of these materials will constitute attorney/client privileged communications or attorney-work product and will be kept confidential in accordance with applicable rules of professional conduct. From time to time, we purge the files of duplicative or out-dated materials, copies of materials that may be obtained from other sources, interim drafts of documents and other documents.

Some materials related to our representation of CFG's interests (e.g. administrative records, time and expense reports, personnel and staffing materials, credit and accounting records, correspondence and internal lawyer's work product such as drafts, notes, internal memoranda, and legal and factual research, including investigative reports, prepared by us or for the internal use of lawyers) belong to us and will be handled in accordance with our document retention policy. Other materials (e.g. documents provided to us by you and the final version of the documents that you retain us to create) are considered client files and belong to CFG. If, at your request, we retain CFG's files beyond the firm's document retention period, such long-term storage will be at CFG's cost. If no such request is received, we reserve the right to destroy or otherwise dispose of CFG's files after the end of the firm's document retention period.

**INTERNET CORRESPONDENCE**

Our attorneys routinely send and receive information by e-mail over the Internet. If communicating in this fashion would be convenient, you may reach any of our attorneys by addressing e-mail to them by their last name followed a period and their first name at bradshawlaw.com (i.e. goetz.jeffrey@bradshawlaw.com). Because of the nature of the Internet, the security and privacy of Internet e-mail may not be assured. Accordingly, if you would prefer that we not communicate with you via e-mail, please inform us.

**TERMINATION**

Either party may terminate the engagement at any time for any reason by written notice, subject on our part to applicable rules of professional conduct. In the event that we terminate the engagement, we will take such steps as are reasonably practicable to protect CFG's interests in the above matter (and, if you so request, we will suggest a possible successor counsel and provide them with whatever papers you have provided to us). If permission for withdrawal is required by a court, we will promptly apply for such permission, and you agree to engage successor counsel to represent CFG.

If termination occurs, papers and property of CFG will be returned to you promptly. Our own files pertaining to the case will be retained by us. Termination of our services will not

BRADSHAWFOWLERPROCTOR & FAIRGRAVE, P.C.

January 19, 2021
Page 6

affect your responsibility for payment for legal services rendered and out-of-pocket costs incurred before termination and in connection with an orderly transition of the matter.

## CLOSING

We trust that this agreement is not unduly complicated. From our experience, legal matters are complicated by nature. The purpose of this agreement is to set forth the essential terms and conditions of employment in writing, so that all parties have a full understanding. If the foregoing is an accurate statement of our agreement, please indicate in the appropriate place below and return this letter.

Very truly yours,

Jeffrey D. Goetz
For the Firm

JDG/bgw

Enclosure


I acknowledge and consent with the terms of this Agreement.

Dated:_____

_____
Cycle Force Group, LLC
By: Nyle Nims, President