**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| In Re: ) | Case No. 21-00571 |
| ) | |
| **CYCLE FORCE GROUP, LLC,** ) | Chapter 11 |
| ) | |
| Debtor and Debtor in Possession. ) | Hon. |
| ) | |
| 2105 SE 5th St. ) | ***FIRST DAY MOTION*** |
| Ames, IA  50010 ) | |
| ) | **MOTION FOR AUTHORIZATION TO** |
| EIN: 26-2671865 ) | **PROVIDE ADEQUATE ASSURANCE** |
| ) | **TO UTILITY COMPANIES** |
| ) | [Bankruptcy Code section 105(a) & 366(b)] |
| ) | |
| ) | No Hearing Set |

Cycle Force Group, L.L.C. ("CFG"), Debtor and Debtor in Possession herein, by and through its Proposed General Reorganization Counsel, Jeffrey D. Goetz, Esq., and Krystal R. Mikkilineni, Esq. of the law firm of Bradshaw, Fowler, Proctor & Fairgrave, P.C., respectfully moves this Honorable Court for an Order Authorizing Adequate Assurance to Utility Companies (the "Motion"). In support of this Motion, the Debtor respectfully represents as follows:

## Background

1.  On April 22, 2021 (the "Petition Date") the Debtor filed its voluntary Chapter 11 petition (Docket No. 1).  The Debtor continues to be authorized to operate its business and manage its property as Debtor in Possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

## Jurisdiction

2.  This Court has subject matter jurisdiction to consider and determine this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

a) **The Utility Companies**

3. In connection with the operation of its business and management of its property, the Debtor uses water, gas, electricity, and similar services (collectively, the "Utility Services") provided by the utility companies listed on Exhibit A hereto (the "Utility Companies").

4. The Debtor has a very good payment history with the Utility Companies. To the best of the Debtor's knowledge, the Debtor has not had any defaults or arrearages with respect to its undisputed Utility Services invoices, other than payment interruptions that may be caused by the commencement of this Chapter 11 case.

5. Pursuant to section 366 of the Bankruptcy Code, within the 20-day period after the commencement of a bankruptcy case, a utility may not discontinue service to a debtor solely on the basis of the commencement of the case or the failure of the debtor to pay a prepetition debt. 11 U.S.C. § 366 (2021). Following the 20-day period, however, utility companies arguably may discontinue service to a debtor if the debtor does not provide adequate assurance of payment of its post-petition obligations.

6. The Utility Services are vital to the Debtor's ability to operate its business in the form of water, gas, and electricity to be supplied for the operation of the business. Any interruption in such Utility Services could immediately and irreparably impair the Debtor's assets. It is therefore critical that Utility Services continue uninterrupted.

7. Consistent therewith, the Debtor seeks entry of an order (the "Order") establishing procedures for determining that it has provided the Utility Companies with adequate assurance of payment as required by section 366 of the Bankruptcy Code.

8. Consistent with the decision in In re Adelphia Business Solutions, Inc.., the

Debtor shall provide the Utility Companies with adequate assurance of payment of its post-petition obligations, as follows: (i) the granting of administrative expense status for Utility Services rendered to the Debtor by the utility companies following the Petition Date; (ii) timely payment of the undisputed amounts of each invoice for post-petition Utility Services; (iii) expedited procedures for the Court to review any post-petition payment defaults; (iv) provide copies of the monthly operating reports to any Utility Company that requests same on the same day such reports are filed with the Court or the day such are provided to the U.S. Trustee, whichever is earlier; (v) the exchange between the Debtor and any requesting Utility Company of contact information of employees with sufficient authority to deal with disputes, if any, regarding post-petition payments; and (vi) the availability of a process for modification of these requirements if there is a material and adverse change with respect to the Debtor's solvency or liquidity (collectively, the "Proposed Adequate Assurance"). In re Adelphia Bus. Solutions, Inc., 280 B.R. 63, 88–89 (Bankr. S.D. N.Y. 2002).

9. The Order would establish the foregoing procedures for determining that the Proposed Adequate Assurance is sufficient to provide the Utility Companies with adequate assurance of payment for post-petition Utility Services as required by section 366 of the Bankruptcy Code. The Debtor will serve a copy of this Motion, by first-class mail, within three (3) business days of the date hereof on all of the Utility Companies.

    **b)**     **Cause Exists to Prohibit the Utility Companies from Interrupting Service and Approve the Proposed Adequate Assurance**

10. Section 366 of the Bankruptcy Code provides as follows:

> (a) Except as provided in subsection (b) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when

>due.
>(b) Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date. On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.

As discussed above, following the 20-day period after the Commencement Date, section 366 of the Bankruptcy Code contemplates that the Utility Companies may discontinue service to the Debtor if the Debtor does not provide adequate assurance of payment of post-petition obligations.

11.  "Adequate assurance" under section 366 of the Bankruptcy Code is not synonymous with "adequate protection." In determining adequate assurance, the Court is not required to give the Utility Companies the equivalent of a guaranty of payment, but must only determine that the utility is not subject to an unreasonable risk of non-payment for post-petition services. See In re Caldor, Inc. -NY, 199 B.R. 1 (S.D.N.Y. 1996); In re Utica Floor Maint., Inc., 25 B.R. 1010 (N.D.N.Y. 1982); In re George C. Frye Co., 7 B.R. 856, 858 (Bankr. D. Me. 1980). Further, in making a determination as to the need for any additional post-petition deposit, the Court should ensure that the utility is treating the debtor the same as it would treat a similarly situated, non-bankruptcy debtor. In re Utica, 25 B.R. at 1013.

12.  Whether a utility is subject to an unreasonable risk of nonpayment must be determined by examining the totality of the circumstances and making "a particularized inquiry into the post-petition economics of a debtor's Chapter 11 case." In re Adelphia Bus. Solutions, Inc., at 82. Pursuant to section 366(b) of the Bankruptcy Code, this Court may determine the standards for adequate assurance of future payments for Utility Services. Bankruptcy courts have the exclusive responsibility for determining what constitutes adequate assurance for

payment of post-petition utility charges, and are not bound by local or state regulations. See In re Begley, 41 B.R. 402, 405–06 (Bankr. E.D. Pa. 1984), aff'd, 760 F.2d 46 (3d Cir. 1985). Determinations of adequate assurance under section 366 are fully within the Court's discretion. Virginia Elec. & Power Co. v. Caldor, Inc., 117 F.3d 646, 650 (2d Cir. 1997).

13. The Debtor's budget projections show more than sufficient funds with which to pay for all post-petition Utility Services and other administrative expenses.

14. The Proposed Adequate Assurance, which includes, inter alia, explicitly granting administrative expense priority to any post-petition utility obligations and expedited procedures for the Court to review post-petition payment defaults, will provide more than sufficient protection to the Utility Companies. Further, the relief requested herein ensures that the Debtor's business operations will not be disrupted but also provides the Utility Companies with a fair and orderly procedure for determining requests for additional adequate assurance.

15. The Proposed Adequate Assurance is in keeping with the spirit and intent of section 366 of the Bankruptcy Code, is not prejudicial to the rights of any Utility Company, and is in the best interest of the Debtor's estate. In addition, the Proposed Adequate Assurance, or provisions substantially similar, was sufficient to provide utility companies with adequate assurance of payment in the Chapter 11 cases of other large debtors. See In re Enron Corp., Inc., Ch. 11 Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. 2001); In re Bethlehem Steel Corp., et al., Ch. 11 Case Nos. 01-152 88 through 01-153 02, 01-15308 through 01-15315 (BRL) (Bankr. S.D.N.Y. 2001); In re Rhythms Netconnections, Inc., et al., Ch. 11 Case Nos. 01-14283 through 01-14287 (BR-L) (Bankr. S.D.N.Y. 2001).

16. No trustee, examiner, or creditors' committee has been appointed in this Chapter 11 case.

Document      Page 6 of 7

17.    No previous request for the relief sought herein has been made by the Debtor to this or any other court.

**WHEREFORE** the Debtor respectfully requests that the Court grant the Motion in all respects and grant the Debtor such other and further relief as it deems just and equitable under the circumstances.

DATED:  April 22, 2021.

/s/     Krystal R. Mikkilineni
Jeffrey D. Goetz, Esq., AT0002832
Krystal R. Mikkilineni, Esq. AT0011814
Bradshaw Fowler Proctor & Fairgrave P.C.
801 Grand Avenue, Suite 3700
Des Moines, IA  50309-8004
515/243-4191
515/246-5808 FAX
goetz.jeffrey@bradshawlaw.com
mikkilineni.krystal@bradshawlaw.com

Proposed General Reorganization Counsel
for Cycle Force Group, L.L.C.,
Debtor and Debtor in Possession

CERTIFICATE OF SERVICE

This document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing, and by regular US Postal Mail service on April 22, 2021 mailed to the Utility Companies as follows:

Ames Municipal Utilities
City Hall
515 Clark Ave
Ames, IA  50010

Alliant Energy
PO Box 3060
Cedar Rapids, IA  52406-3060

Alliant Energy
1284 Xe Place
Ames, IA  50014

/s/     Barbara Warner

## **EXHIBIT A**

LIST OF UTILITY COMPANIES

Ames Municipal Utilities
City Hall
515 Clark Ave
Ames, IA 50010

Alliant Energy
1284 Xe Place
Ames, IA 50014

Alliant Energy
PO Box 3060
Cedar Rapids, IA 52406