# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: ) | Case No. 21-00571 |
| ) | |
| **CYCLE FORCE GROUP, LLC,** ) | Chapter 11 |
| ) | |
| Debtor and Debtor in Possession ) | Hon. |
| ) | |
| 2105 SE 5th St. ) | **FIRST DAY MOTION** |
| Ames, IA  50010 ) | **DEBTOR'S MOTION FOR ORDER** |
| ) | **AUTHORIZING PAYMENT OF SALES** |
| EIN:  26-2671865 ) | **AND USE TAXES** |
| ) | [Bankruptcy Code Sections 105(a), 507(a)(8) |
| ) | and 541] |
| ) | |
| ) | No Hearing Set |

Cycle Force Group, LLC. ("CFG" or the "Debtor"), Debtor and Debtor in Possession herein, by and through its proposed general reorganization counsel, Jeffrey D. Goetz, Esq. and Krystal R. Mikkilineni, Esq., of the law firm of Bradshaw, Fowler, Proctor & Fairgrave, P.C., and pursuant to the provisions of Bankruptcy Code sections 105(a), 507(a)(8), 541, and the Doctrine of Necessity, respectfully moves this Honorable Court for an order authorizing payment of customs duties and certain pre-petition claims of shippers, freight handlers and warehousers, and would show this Honorable Court as follows:

1. On April 22, 2021 (the "Petition Date"), the Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code (Docket No. 1).  The Debtor is duly operating as a debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108.

## HISTORY AND BACKGROUND OF DEBTOR

2. CFG imports bicycles and bicycle accessories from China, Taiwan and other European countries and is a service center and agent office for a group of Asian component

makers and bicycle manufacturers in Taiwan. It licenses rights to many internationally known name brands for sale in bicycles and related products.

3. Debtor is seeking authority to pay pre-petition state and local sales, use, and similar other taxes to various state and local taxing authorities in the ordinary course of the Debtor's business. In connection with the ordinary operations of its business, the Debtor (a) incurs use taxes and collects sales taxes from their customers (collectively, the "Taxes") and; (b) are charged fees, licenses and other similar charges and assessments (collectively, the "Fees") on behalf of various taxing authorities (collectively "Authorities"). The taxes and fees are paid over to the various Authorities on a periodic basis (i.e. monthly, quarterly, or yearly depending on the particular tax or fee).

4. Further, in the Debtor's ordinary operations, it pays duty, tariff, and brokerage fees (the "Duty and Tariff Fees") to its customs' brokers, which is paid approximately 15 – 30 days after the goods have cleared customs. The customs' brokers then transfer the amount paid for Duty and Tariff Fees to the Authorities. The amount incurred pre-petition and owed post-petition to the customs' brokers will not exceed $150,000.00.

5. On the Petition date, the Debtor held Taxes incurred or collected from pre-petition sales to their customers that had not yet been paid to the Authorities. The Debtor estimates that the total amount of pre-petition Taxes owing to the various Authorities does not exceed $900. Furthermore, the Debtor believes that some, if not all, of the Authorities will cause the Debtor to be audited if the Taxes and Fees and Duty and Tariff Fees are not paid forthwith. Such audits will unnecessarily divert the Debtor's attention away from the reorganization process. Moreover, the Debtor does not have any equitable interest in the Taxes and Fees and Duty and Tariff Fees. Furthermore, the Authorities may attempt to suspend the Debtor's business

operations if the Debtor does not pay the Taxes and/or Fees and Duty and Tariff Fees in a timely manner.  For these reasons, the Debtor requests authority to pay pre-petition Taxes and Fees and Duty and Tariff Fees to the Authorities.

## **RELIEF SOUGHT**

6.     Debtor states that withholding payment of such Taxes and Duty and Tariff Fees may result in the Authorities taking aggressive collection action that might interfere with the Debtor's business or distract its officers from the reorganization effort.  Therefore, paying the undisputed sales and use Taxes and Duty and Tariff Fees immediately will not prejudice general unsecured creditors.

7.     Under Bankruptcy Code section 507(a)(8), the immediate payment of taxes does not distort the otherwise applicable bankruptcy priority scheme because the Debtor would be required to pay the full amount of such Taxes and Duty and Tariff Fees prior to paying unsecured claims.

WHEREFORE, the Debtor, CFG, prays for an Order authorizing it to pay those sales and use Taxes and Duty and Tariff Fees post-petition, as payments in the ordinary course, and as ordinary and necessary expenses of the Debtor's business operations, and therefore as essential expenses, and for such further and other relief as the Court deems just and equitable under the circumstances.

Dated:  April 22, 2021             */s/     Krystal Mikkilineni*
                                    Jeffrey D. Goetz, Esq, AT0002832
                                    Krystal R. Mikkilineni, Esq. AT0011814
                                    Bradshaw Fowler Proctor & Fairgrave, PC
                                    801 Grand, Suite 3700
                                    Des Moines, IA  50309-8004
                                    515/ 246-5880
                                    515/ 246-5808 fax
                                    goetz.jeffrey@bradshawlaw.com

mikkilineni.krystal@bradshawlaw.com

Proposed General Reorganization Counsel

CERTIFICATE OF SERVICE

This document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing.

/s/ _Barbara Warner_

## **VERIFICATION BY COUNSEL FOR DEBTOR**

I, Krystal R. Mikkilineni, declare as follows:

1.  The matters stated in this Declaration are true and correct and within my own personal knowledge and belief. If called as a witness, I could and would competently testify hereto.

2.  I am an attorney licensed to practice law before this court and am the proposed General Reorganization Counsel for the Debtor. I am duly admitted to practice law in the courts of the States of Iowa and Washington and in the United States District Court for the Southern District of Iowa.

3.  I have personal knowledge of the facts set forth in the foregoing Motion and, if called upon as a witness, I could and would competently testify as to all of the matters stated therein.

I declare under penalty of perjury under the laws of the United States and under the laws of the State of Iowa that the foregoing is true and correct and is executed in Des Moines, Iowa this 22nd day of April, 2021.

                                                                  */s/ Krystal Mikkilineni*
                                                                  Krystal R. Mikkilineni

6

## **VERIFICATION BY PRESIDENT, NYLE NIMS**

I, Nyle Nims, declare as follows:

1.  I am the President and CEO of the Debtor CFG, and am authorized to make this Declaration. The matters stated in this Declaration are true and correct and within my own personal knowledge and belief. If called as a witness, I could and would competently testify hereto.

2.  I have personal knowledge of the facts set forth in the foregoing Motion and, if called upon as a witness, I could and would competently testify as to all of the matters stated therein.

I declare under penalty of perjury under the laws of the United States and the laws of the State of Iowa that the foregoing is true and correct and is executed in Ames, Iowa this 22nd day of April, 2021.

                                                */s/ Nyle Nims*
                                                Nyle Nims, President/CEO