## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In re: | ) | Case No. 21-00571-als11 |
| | ) | |
| **CYCLE FORCE GROUP, LLC** | ) | Chapter 11 |
| | ) | |
| Debtor and Debtor in Possession | ) | Hon. Anita L. Shodeen |
| | ) | |
| 2105 SE 5TH St. | ) | **DEBTOR'S MOTION FOR ORDER** |
| Ames, IA  50010 | ) | **AUTHORIZING THE DEBTOR TO** |
| | ) | **ASSUME EXECUTORY CONTRACT** |
| | ) | **WITH PFIFF VERTRIEBS GMBH** |
| EIN:  26-2671865 | ) | |
| | ) | No Hearing Set. |
| | ) | |

**COMES NOW** Cycle Force Group, LLC the debtor and debtor-in-possession herein ("CFG" or the "Debtor"), by and through its duly-employed general reorganization counsel, Jeffrey D. Goetz, Esq. and Krystal R. Mikkilineni, Esq., of the law firm of Bradshaw, Fowler, Proctor & Fairgrave, P.C., and pursuant to Bankruptcy Code section 365 and Bankruptcy Rules 6006 and 9014, hereby moves this Court (this "Motion") for entry of an order authorizing the assumption of its executory contract with PFIFF Vertriebs GmbH ("PFIFF").  In support of this Motion, the Debtor states as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory predicates for relief sought herein include section 365 of the Bankruptcy Code and Rules 6006 and 9014 of the Bankruptcy Rules.

2. On April 22, 2021 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtor is duly operating as a debtor in

possession, pursuant to Bankruptcy Code sections 1107 and 1108. There is no motion or application pending for the appointment of a trustee or examiner.

3. Prior to the Petition Date, the Debtor and BCF entered into an executory contract, wherein the Debtor provides consignment services to PFIFF (the "Assumed Contract"). Such Assumed Contract is set forth on Exhibit A hereto ("Exhibit "A").

4. By this Motion and for the reasons set forth herein, the Debtor seeks relief pursuant to Bankruptcy Code sections 105 and 365 for the entry of an order authorizing the assumption of the Assumed Contract. The Debtor requests that the assumption of the Assumed Contract shall be effective as of the date corresponding to such Assumed Contract.

5. Bankruptcy Code section 365(a) provides, in pertinent part, that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." The purpose behind allowing the assumption or rejection of executory contracts is to permit the debtor in possession to maximize the value of its estate by exercising business judgment to assume contracts that are beneficial to the estate and to reject such contracts and leases that are not. *See, e.g., In re Rickel Home Centers*, 209 F.3d 291, 298 (3d Cir. 2001). In assuming a contract or a lease, the debtor must assume the entire contract. *See, e.g., In re Fifth Taste Concepts Las Olas, LLC*, 325 B.R. 42 (Bankr. S.D. Fla. 2005). Upon finding that a debtor has exercised its sound business judgment in determining the assumption of an executory contract is in the best interest of the estate, a bankruptcy court should approve the assumption under Bankruptcy Code section 365, provided the debtor also demonstrates it can satisfy the statutory requirements for assumption under Bankruptcy Code section 365, if applicable. *See In re Quantegy, Inc.*, 326 B.R. 467, 470 (Bankr. M.D. Ala. 2005).

6. Debtor's assumption of the Assumed Contract is (i) an exercise of its sound business judgment, and (ii) in the best interests of Debtor's estate and creditors.

7. The Assumed Contract that is the subject of this Motion has not expired and is therefore "executory" in nature.

8. Debtor meets the requirements set forth in section 365 of the Bankruptcy Code. According to section 365(b)(1), in order for a debtor to assume a contract, the debtor must (A) cure any existing defaults, or provide adequate assurance that the debtor will promptly cure such default; (B) compensate or provide adequate assurance that the debtor will promptly compensate the non-debtor party to such contract, for any loss to such party resulting from the default; and (C) provide adequate assurance of future performance under such contract.

9. The Debtor does not believe there are any cure amounts owing under the Assumed Contract, but to the extent any cure amounts are owed to PFIFF under the Assumed Contract, the Debtor will pay such amounts in the ordinary course pursuant to the Assumed Contract and with PFIFF's consent.  Further, no default of the type described in Bankruptcy Code section 365(b)(2)(D) exists under the Assumed Contract.

10. The Debtor further submits that adequate assurance of future performance has been provided by the Debtor to PFIFF with respect to the Assumed Contract.

11. In light of the foregoing, the Debtor's assumption of the Assumed Contract should be allowed.

**WHEREFORE**, the Debtor respectfully requests that this Court consider this Motion without a hearing, and enter an order authorizing the assumption of the Assumed Contract with PFIFF and order such other and further relief as this Court deems just and appropriate under the circumstances.

Date: April 27, 2021  Respectfully submitted,

*/s/ Krystal R. Mikkilineni*
Jeffrey D. Goetz, Esq., AT0002832
Krystal R. Mikkilineni, Edq., AT0011814
Bradshaw Fowler Proctor & Fairgrave, P.C.
801 Grand Avenue, Suite 3700
Des Moines, IA 50309-8004
515-246-5880
515-246-5808 FAX
goetz.jeffrey@bradshawlaw.com
mikkilineni.krystal@bradshawlaw.com

General Reorganization Counsel
for the Debtor and Debtor in Possession

**CERTIFICATE OF SERVICE**

This document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing.

*/s/      Bari Rogers*

# Exhibit A

## PFIFF Assumed Contract

| Name, Address, Telephone Number and E-mail of Non-Debtor Contract Party | Name of Contract | Date of Contract | Termination Date |
|---|---|---|---|
| PFIFF Vertriebs GmbH | Consignment Agreement | 03/11/2021 | N/A |